

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00187-CR

**JAMAHL DEZURN,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FAM-09-20077**

## MEMORANDUM  OPINION

Jamahl Dominique DeZurn pled guilty to aggravated assault with a deadly weapon.  TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).  An adjudication of guilt was deferred and DeZurn was placed on deferred adjudication community supervision for five years.  Two years later, a motion to adjudicate was filed and DeZurn pled true, without the benefit of a plea bargain, to the violations contained in the motion to adjudicate.  After a hearing, DeZurn was adjudicated guilty and sentenced to 12 years in prison.  He appeals.

DeZurn's appellate attorney filed an *Anders* brief in this appeal.[1]  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  DeZurn was informed of his right to submit a brief or other response on his own behalf and submitted a response.[2]  However, it did not contain proof of service.  The Clerk of this Court warned DeZurn by letter dated January 7, 2013 that if he did not provide proof of service within 14 days from the date of the letter, we would strike DeZurn's response.  More than 14 days have passed and DeZurn has not provided proof of service for his response.  Accordingly, his response to counsel's *Anders* brief is stricken.

Counsel asserts in the *Anders* brief that counsel has reviewed the record, the sentence received by DeZurn, and the factual basis for the sentence and finds that no non-frivolous issues exist.  Counsel specifically discusses the elements and proof required for revocation of deferred adjudication, the lack of a separate punishment hearing, the relevancy of evidence of the original offense, and whether the sentence assessed was cruel and unusual.  Counsel concludes that there are no non-frivolous issues to assert on appeal.  Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of

---

[1] After counsel filed the *Anders* brief, counsel was hired by the Coryell County District Attorney's Office. Another attorney was appointed to represent DeZurn.  New counsel has presented a motion to adopt former counsel's *Anders* brief and motion to withdraw.

[2] New counsel again notified DeZurn of his right to file a response; but we have determined he is not entitled to a second opportunity due to the change of counsel.

appointed counsel.  *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous."  *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact."  *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they "cannot conceivably persuade the court."  *Id*. at 436.  An appeal is not wholly frivolous when it is based on "arguable grounds."  *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Accordingly, we affirm the trial court's judgment.

Should DeZurn wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal

Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n. 22.

Counsel's motion to adopt the previously filed *Anders* brief and motion to withdraw from representation of DeZurn are granted. Counsel is permitted to withdraw from representing DeZurn. Additionally, counsel must send DeZurn a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Motion to withdraw granted
Opinion delivered and filed March 14, 2013
Do not publish
[CRPM]